MICHAEL A. FEDERICO, ESQ.
Nevada Bar No. 005946
PATERNO C. JURANI, ESQ.
Nevada Bar No. 008136
OLSON CANNON & GORMLEY
9950 W. Cheyenne Avenue
Las Vegas, NV 89129
P: (702) 384-4012
F: (702) 383-0701
mfederico@ocgattorneys.com
pjurani@ocgattorneys.com
Attorney for Defendant
*Costco Wholesale Corporation*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BEATRIZ ESPINOZA,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION dba COSTCO WHOLESALE #685; a Foreign Corporation; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | CASE NO. 2:24-cv-01425-APG-EJY<br><br>**FIRST AMENDED** ~~PROPOSED~~ **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

WHEREAS, Plaintiff BEATRIZ ESPINOZA (hereinafter "Plaintiff") seeks the discovery of possibly confidential, proprietary and trade secret protected documents and information from COSTCO WHOLESALE CORPORATION (hereinafter "Costco") regarding Costco's policies, practices and procedures ("Confidential Information");

WHEREAS, Costco requires protection against the unrestricted disclosure and use of such Confidential Information as internal propriety information, including, but not limited to, *Defendant's employee manuals, policy manuals, loss prevention, employee training, video cameras, employee records and other club member information;* and

Law Offices of
OLSON CANNON & GORMLEY
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Fax (702) 383-0701

1

WHEREAS, the parties agree that good cause exists for the entry of the foregoing Agreed Confidentiality and Protective Order.

THEREFORE, it is agreed that:

1.     This Confidentiality Agreement shall govern all Confidential Information revealed in the above-referenced lawsuit, whether the Confidential Information is contained in documents produced, answers to interrogatories, deposition testimony, and/or any other oral or written responses to discovery conducted in this matter, whether it is revealed by Costco or any other party or third-party.

2.     A party shall indicate that information is Confidential Information hereunder by producing a copy bearing a stamp or label signifying that it is "Confidential." In the case of testimony or any other oral information, it shall be sufficient for a party to state that the Confidential Information is confidential pursuant to this Agreement at the time such testimony or oral information is given or conveyed.  Alternatively, a party may designate testimony as Confidential hereunder by marking the transcript containing Confidential Information with the word "Confidential" within thirty days (30) days of receipt of the transcript of said testimony. In the event any party creates a computer database, disk, compact disk, drive, digital or other electronic record containing Confidential Information, the party creating such an electronic record shall mark the case or envelope containing the material with the word "Confidential." Documents printed from such electronic media shall be marked the same as documents originally produced on paper and shall be accorded the same status of confidentiality as the underlying Confidential Information from which they are made and shall be subject to all of the terms of this Agreement.

///

Law Offices of
OLSON CANNON & GORMLEY
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012        Fax (702) 383-0701

3.      Confidential Information obtained by or produced to any party shall be held in confidence and revealed only to the named parties in the above-captioned matter, counsel of record, paralegals and secretarial employees under counsels' direct supervision, the parties themselves for purposes of deposition, the Court and court staff, court reporters, and such persons as are employed by the parties or their counsel to act as experts, investigators or consultants in this case.  All Confidential Information must be maintained in counsels' offices, with the exception of documents and/or information provided to individuals employed to act as experts in this case.  The parties shall take all steps reasonably necessary to see that no person shall use, disclose, copy or record Confidential Information for any purpose other than the preparation or conduct of this case.

4.      All Confidential Information shall be used solely for the purpose of maintaining the present litigation, including any appeals or retrials, and not for any other purpose(s) or any other litigation.  Under no circumstances shall Confidential Information be disclosed to anyone other than the persons designated above, and the parties shall not disclose such Confidential Information to any undesignated person during or after the termination of this litigation. Moreover, no Confidential Information shall be disclosed to a competitor (direct or indirect) of Costco, whether for the purposes of this litigation or otherwise.

5.      Before any Confidential Information is disseminated or disclosed to any of the above-designated persons, such person shall (a) read this Confidentiality Agreement in its entirety; and, (b) agree to all provisions of this Confidentiality Agreement.

6.      All depositions, pleadings, reports, notes, lists, memoranda, indices, compilations, electronically stored information, and records in which Confidential Information is discussed, documented or referred to shall themselves be deemed Confidential Information

Law Offices of
**OLSON CANNON & GORMLEY**
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Fax (702) 383-0701

3

and shall be subject to this Agreement. Should a party use any Confidential Information in any pleading filed with the Court, that party shall, at the time of filing, request that the court impound the specific portion of the pleading containing the Confidential Information.

7.    Upon final termination of this litigation, each person subject to this Confidentiality Agreement shall return all Confidential Information to counsel for Costco within thirty (30) days after the final disposition of this matter. Documents that contain notations of counsel may be destroyed rather than returned, but it shall be the responsibility of counsel to ensure the documents are destroyed.

8.    The disclosure of any Confidential Information by Costco shall not serve to waive any of the protections provided by this Confidentiality Agreement with respect to any other Confidential Information.

9.    No person who has received Confidential Information shall seek to vacate or otherwise modify this Agreement at any time. This Agreement shall not be abrogated, modified, amended, or enlarged except by stipulation and agreement of the parties or by the Court with notice given to each of the parties.

10.    Nothing in this Confidentiality Agreement shall restrict a party's right to object to the disclosure of documents or information otherwise objectionable, protected or privileged pursuant to the Federal Rules of Civil Procedure, applicable law, other than confidentiality, or to seek an agreement preventing disclosure or limiting the discovery of Confidential Information, or to seek an agreement preventing disclosure or limiting the discovery of information or material that is objectionable on other grounds, regardless of whether or not such material may also constitute Confidential Information pursuant to this Confidentiality Agreement. These parties

Law Offices of
OLSON CANNON & GORMLEY
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Fax (702) 383-0701

4

shall take reasonable steps necessary to have the Court enter an order consistent with the terms of this Confidentiality Agreement.

11.    Nothing contained herein shall restrict the presentation of any evidence, including Confidential Information, to a jury or the Court at trial.  However, such presentation shall not constitute a waiver of any restrictions provided for in this Order and the parties agree to take reasonable steps to maintain the confidentiality of any Confidential Information at trial of this matter in such a manner and until such time as the Court may direct and/or as the parties may otherwise agree.  Before any such presentation of Confidential Information, the receiving party shall provide Costco with appropriate notice so that Costco may have the opportunity to lodge appropriate objections or seek the Court's direction to prevent disclosure of the Confidential Information and/or move for appropriate confidential treatment of the materials at trial.

12.    The terms of this Agreement shall remain fully active until released by written consent of Costco.  The Court shall retain jurisdiction over the parties, this Agreement, and recipients of confidential documents, materials, and/or information for the sole purpose of enforcing this Agreement and adjudicating claims of breaches thereof and administering damages and other remedies related thereto.  The provisions of this Agreement shall continue to be binding as to the confidential documents, materials, and/or information produced pursuant to it.

13.    There may be large volumes of materials in discovery in this matter, including collections of materials in the form of paper or electronic documents, increasing the likelihood that information protected from discovery by certain privileges or immunities, or Confidential Material not marked as such, may be produced inadvertently.  Therefore, the following provisions shall apply to the production of information in this case:

A.    Inadvertent production of documents subject to the work-product doctrine, the attorney-client privilege, the trade secret and proprietary business information privilege, or other legal privilege, rule or doctrine protecting information from discovery shall not constitute a waiver of the immunity or privilege either for the inadvertently produced document or its subject matter (so-called "subject matter waiver"), provided that the producing party shall notify the receiving party in writing of such inadvertent production promptly upon becoming aware of it.

B.    If reasonably prompt notification is made, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, and such returned material shall be deleted from any litigation-support file or database.  No use shall be made of such inadvertently produced documents during discovery or at trial nor shall they be disclosed to anyone who was not given access to them before the request to return and destroy them.

C.    If any party contends that the notification of inadvertent production was not "reasonably prompt," it shall notify the producing party in writing, and will make no further use of such documents pending a resolution of their status by the Court.  It shall be the burden of the producing party to move for a protective order regarding the inadvertent production, and to demonstrate both that the production was inadvertent, that reasonable diligence was exercised to identify the inadvertently produced information, and that notification was made with reasonable promptness after discovering the inadvertent production.

D.    The party returning or destroying such documents may move the Court for an order compelling production of the material, but such motion shall not assert the fact or circumstances of the inadvertent production as a ground for entering such an order.

E.    Inadvertent failure to designate produced materials as "CONFIDENTIAL" pursuant to the terms of Section I above shall not constitute a waiver of the right to designate

Law Offices of
OLSON CANNON & GORMLEY
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Fax (702) 383-0701

such materials as Confidential provided that the producing party shall notify the receiving party of such inadvertent failure to designate promptly upon becoming aware of it.

F.    If reasonable notification is made of such failure to designate, such inadvertently non-designated documents and all copies thereof, shall be returned to the producing party or destroyed and such material shall be deleted from any litigation-support file or database. No use shall be made of such non-designated documents during discovery or at trial without the appropriate "CONFIDENTIAL" markings, nor shall they be disclosed to anyone who was not given access to them before the request to return or destroy.

G.    Any inadvertently produced document or documents provided to the Court pursuant to this Section IV shall not be considered a "court record" as defined in Nev. S.C.R. 2 (2010).

14.    The burden of proving the confidential nature of designated information is on the producing party. Prior to designating any material as Confidential and subject to this Protective Order, the producing party must make a bona fide determination that the material is, in fact, confidential as defined above, the dissemination of which would significantly damage the producing party's competitive position or impact the privacy rights of third-parties.

15.    In the event counsel for any party, in good faith, disputes the designation of any document as Confidential, he or she shall notify counsel for the producing party in writing. The producing party shall seasonably apply to the Court for a determination that the document is or is not protected pursuant to this Protective Order. Until a final determination by the Court, any disputed document will be treated as Confidential Material pursuant to this Protective Order. Nothing in this Protective Order shall be construed to alter or shift the burdens of production and persuasion ("the burden of proof") as they apply to the assertion of privileges or exemptions from public disclosure or any claim or affirmative defense in this matter.

///

///

16.    This Stipulation and Order may be executed in one or more counterparts, and facsimile signatures are deemed to constitute originals for purposes of this Stipulation.

DATED this 21st day of January, 2025.

DATED this 21st day of  January, 202.

OLSON CANNON & GORMLEY

THE702FIRM INJURY ATTORNEYS

/s/ Michael A. Federico, Esq.

/s/ Brandon A. Born, Esq.

MICHAEL A. FEDERICO, ESQ.
Nevada Bar No. 005946
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Attorneys for Defendant
*Costco Wholesale Corporation*

MICHAEL C. KANE, ESQ.
Nevada Bar No.: 10096
BRADLEY J. MYERS, ESQ.
Nevada Bar No. 8857
BRANDON A. BORN, ESQ.
Nevada Bar No. 15181
8335 W. Flamingo Rd.
Las Vegas, NV 89147
Attorneys for Plaintiff

IT IS SO ORDERED this 21st day of ___January___, 2025.

_____
UNITED STATES MAGISTRATE JUDGE

Submitted by:

OLSON CANNON & GORMLEY

/s/ Michael A. Federico, Esq.

_____
MICHAEL A. FEDERICO, ESQ.
Nevada Bar No.: 005946
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Attorney for Defendant
*Costco Wholesale Corporation*

Law Offices of
OLSON CANNON & GORMLEY
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012      Fax (702) 383-0701

8